UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KERI SANTIAGO,

        Plaintiff,                               CASE NO. 8:20-cv-02823

v.                                        <u>JURY TRIAL DEMANDED</u>

HUNTER WARFIELD, INC.,

        Defendant.

_____/

## COMPLAINT

NOW comes KERI SANTIAGO ("Plaintiff"), by and through her undersigned attorney, complaining as to the conduct of HUNTER WARFIELD, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.   Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.   This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant is headquartered in Tampa, Florida, which is located within the Middle District of Florida, Plaintiff resides within the Middle District of Florida, and a substantial portion of the events or omissions giving rise to the claims occurred within the Middle District of Florida.

**PARTIES**

4.    Plaintiff is a consumer over 18 years-of-age residing within the Middle District of Florida.

5.    Defendant is a third-party debt collection company with its principal office located at 4620 Woodland Corporate Blvd., Tampa, Florida 33614.

6.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7.    The instant action arises out of Defendant's attempts to collect on an obligation resulting from a residential apartment lease ("subject debt") that Plaintiff allegedly owed to Park Richey at Innisbrook.

8.    Due to Covid-19 related issues, Plaintiff was unable to satisfy the subject debt.

9.    After Plaintiff defaulted on the subject debt, Defendant acquired the right to collect or attempt to collect on the subject debt.

10.    Around October 2020, Plaintiff began receiving calls to her cellular phone, (727) XXX-5530, from Defendant.

11.    At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -5530.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

12.    Defendant has called Plaintiff mainly using the phone number (833) 669-0169, but upon belief, Defendant has used other phone numbers as well.

13.    The aforementioned phone number ending in -0169 is regularly utilized by Defendant during its debt collection activity.

2

14.  In addition to placing collection calls to Plaintiff's cellular phone, Defendant also left Plaintiff a disturbing voicemail message.

15.  In an eerie and spooky tone, Defendant's voicemail message stated, "[I]n the shadow."

16.  Defendant's voicemail message worried Plaintiff. The tone and strangeness of Defendant's voicemail message caused Plaintiff to feel harassed and caused her feel like she was in a dangerous situation.

17.  Defendant's voice message did not identify Defendant nor did it state the purpose of the call.

18.  Plaintiff did not know how to react to Defendant's scary voicemail message because she was too nervous to call back.

19.  Furthermore, throughout Defendant's collection campaign, Defendant failed to send Plaintiff any written correspondence notifying her of her rights pursuant to 15 U.S.C. §1692g.

20.  Frightened and concerned over Defendant's conduct, Plaintiff spoke with her attorney regarding her rights, resulting in exhausting time and resources.

21.  Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

22.  Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, fear, anxiety, confusion, nervousness, tension, discomfort, and uneasiness.

## <u>COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>

23.  Plaintiff repeats and realleges paragraphs 1 through 22 as though full set forth herein.

24.  Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA §1692d

28. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(6) prohibits, "the placement of telephone calls without meaningful disclosure of the caller's identity."

29. Defendant violated §1692d when it left Plaintiff a harassing voicemail message. Defendant's unusual voice mail message caused Plaintiff to feel uncomfortable and worried.

30. Additionally, Defendant violated §1692d(6) when it did not disclose its identity in the voicemail message it left on Plaintiff's cellular phone.

31. Defendant intentionally left Plaintiff the harassing voicemail message in order to scare her into paying the subject debt.

### b. Violations of FDCPA § 1692e

32.  The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33.  In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

> "The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector……." 15 U.S.C. §1692e(11).

34.  Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to leave her a creepy and unusual voicemail message on her cellular phone.

35. Defendant further violated §1692e(11) when it failed to properly apprise Plaintiff of the fact that it is was attempting to collect upon the subject debt and any information would be used for that purpose in the voicemail message it sent Plaintiff.  By failing to disclose itself as a debt collector attempting to collect a debt, Defendant deceptively and misleadingly attempted to obscure Plaintiff's rights under the FDCPA. Consequently, Defendant's objective was to obfuscate its status as a debt collector in order to prevent Plaintiff from enforcing her rights under the FDCPA. Defendant used such deceptive means in order to coerce Plaintiff into satisfying the subject debt.

### c.  Violations of FDCPA § 1692f

36.  The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

37. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt by leaving Plaintiff an eerie and confusing voice mail message. These means employed by Defendant only served to worry and scare Plaintiff.

### d.  Violations of FDCPA § 1692g

38. The FDCPA, pursuant to 15 U.S.C. § 1692g(a) requires a debt collector to, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt . . . send the consumer a written notice containing" several pieces of information, including: "(1) the amount of the debt; (2) the name [of the original creditor]; (3) a statement [regarding disputing the debt within 30 days]; (4) a statement [outlining what happens if a consumer disputes a debt]; and (5) a statement that, upon written request . . . the debt collector will provide the consumer with the name and address of the original creditor . . . ."

39. Defendant violated § 1692g(a)(4) by failing to provide Plaintiff a validation statement within five days after the initial communication.  Defendant first communicated with Plaintiff in October 2020.  Yet, to date, Plaintiff has yet to receive any correspondence from Defendant regarding the subject debt.  Defendant's failure to send this notice within the requisite timeframe provided for under § 1692g is in clear violation of the FDCPA.

WHEREFORE, Plaintiff KERI SANTIAGO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 1, 2020                                    Respectfully submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
Florida Bar No. 1021163
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com