UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KERI SANTIAGO,

 Plaintiff,

v.            Case No. 8:20-cv-2823-TPB-JSS

HUNTER WARFIELD, INC.,

 Defendant.
_____/

## ORDER DISMISSING ACTION

This matter is before the Court on "Defendant Hunter Warfield, Inc.'s Motion for Summary Judgment," filed on August 30, 2021. (Doc. 25). Plaintiff filed a response in opposition on September 20, 2021. (Doc. 29). Defendant filed a reply on October 4, 2021. (Doc. 33). The Court held a hearing on the motion on October 7, 2021. Based on the motion, response, reply, argument of counsel, court file, and record, the Court finds as follows:

### Background

Plaintiff Keri Santiago fell behind on payments on her apartment lease. On October 19, 2020, a collection agent employed by Defendant Hunter Warfield, Inc., called Plaintiff's cell phone number. Plaintiff did not answer, and the agent left a voicemail message. The message lasted only four or five seconds, and consisted solely of the agent humming, in a barely audible manner, a three-word phrase that appears to be "[I]n the shadows . . ." A few minutes later, another call was placed, leaving a voicemail that identified the caller as Hunter Warfield, informed Plaintiff

that it was a debt collector, and requested that she return the call. The agent testified in deposition that he did not intend to leave the "shadows" voicemail and must have mistakenly left it not realizing the call had been connected when he hummed the words. He speculated that he may have been trying to hum the lyrics from a contemporary Christian song.

Plaintiff listened to the "shadows" voicemail while driving her car. She continued driving but asserts she was confused by it. After later determining the message was from Defendant's phone number, she asserts she was upset and felt threatened because someone with access to her personal information had left the message. However, it appears the only actions she took as a result of the voicemail were to tell one friend about it and call a lawyer.

Plaintiff filed suit under the Federal Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). She alleged that the "shadows" voicemail violated §§ 1692d, 1692e, and 1692f because it was harassing, abusive, oppressive, unfair, and/or unconscionable and because it failed to disclose it was from a debt collector.[1] Defendant moves for summary judgment on all claims. Defendant argues Plaintiff has not shown a concrete injury resulting from the voicemail and therefore lacks Article III standing. Defendant alternatively argues there is no evidence sufficient to support a finding that Defendant violated the FDCPA, and that Defendant is entitled to summary judgment based on the bona fide error defense.

---

[1] The complaint also asserted a violation of 15 U.S.C. § 1692g, but Plaintiff has expressly abandoned that claim.

## Analysis

The Court has listened to the recording of the "shadows" voicemail. It is impossible to fairly evaluate this claim without listening to the allegedly offending message and it is a part of the record herein. The four to five second message conveys no content or express message relating to Plaintiff, her debt, or the Defendant. It makes no demand and presents no threats. It is perhaps confusing, but this is simply not a sufficient basis to file a federal lawsuit. Plaintiff does not claim the voicemail caused her to lose sleep, to miss work, to suffer any physical symptoms, to lose the ability to concentrate or any other mental function, or to divert from her normal routines. She did not contact a doctor, take any medication, or seek counseling. The only evidence Plaintiff offers to show an injury are her own statements that she felt threatened and "super confused" and "upset" by the voicemail, and that "I'm still upset about the voicemail. I just don't think that's proper conduct."

Such conclusory statements without further evidence of any actual, concrete injury are insufficient to establish Article III standing under *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016), and *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990 (11th Cir. 2020). As another judge in this district recently put it, "[a]t bottom, the record amounts to no more than stray conclusory statements on emotional distress and offense taken over bare FDCPA violations. As far as Article III is concerned, there is no such [thing] as an 'anything-hurts-so-long-as-Congress-says-it-hurts' injury." *Crowder v. Andreu, Palma, Lavin & Solis, PLLC*, No. 2:19-cv-820-SPC-NPM, 2021 WL 1338767, at *6

(M.D. Fla. Apr. 9, 2021) (quoting *Hagy v. Demers & Adams*, 882 F.3d 616, 622 (6th Cir. 2018)).

The same is true here. Moreover, even if Plaintiff had presented evidence to establish standing, the Court agrees with Defendant's arguments regarding the existence of a violation and Defendant's bona fide error defense. This action is dismissed for lack of subject matter jurisdiction.[2]

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant Hunter Warfield, Inc.'s Motion for Summary Judgment," deemed a motion to dismiss for lack of Article III standing (Doc. 25), is **GRANTED**.

2. Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk is directed to terminate any pending motions and deadlines and thereafter close this case.

---

[2] To the extent Defendant's summary judgment motion argues that Plaintiff lacks Article III standing, the Court construes it as a motion to dismiss for lack of jurisdiction under Rule 12(b)(1). *See, e.g, Kennedy v. Floridian Hotel, Inc.,* 998 F.3d 1221, 1230 (11th Cir. 2021). The issue of an injury sufficient to confer Article III standing does not implicate an element of Plaintiff's FDCPA claims, and dismissal rather than summary judgment is the appropriate result. *See id*. at 1232, 1237; *Shoup v. McCurdy & Candler, LLC*, 465 F. App'x 882, 885 (11th Cir. 2012) ("There is no indication in the statute that [an] award of statutory damages must be based on proof of actual damages.") (internal quotation omitted). Even if an actual, concrete injury were an element of Plaintiff's FDCPA claims, Plaintiff has failed to present evidence sufficient to support a jury finding for her on that issue. *See Gomez v. Dade Cty. Fed. Credit Union*, 610 F. App'x 859, 863-64 (11th Cir. 2015) (affirming dismissal for lack of standing where, "[e]ven if we apply the summary judgment standard, plaintiff still fails to allege an injury-in-fact").

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 20th day of October, 2021.

_____
**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**